IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANESSA ARNOLD,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY HAROLD "SKIP" CURTIS, a Utah County Sheriff's Deputy,<br><br>Defendant. | **ORDER and MEMORANDUM DECISION**<br><br>Case No. 2:04-cv-564 CW |

Now before the court are Defendant Harold "Skip" Curtis's motion for sanctions (Dkt. No. 195) and his motion to limit the evidence that Plaintiff Vanessa Arnold may offer at trial (Dkt. No. 204). In his first motion, Mr. Curtis seeks dismissal as a sanction for alleged fraud on the court. Mr. Curtis seeks in the alternative to be awarded attorney fees for Ms. Arnold's failure to appear at her noticed deposition.[1] In his second motion, Mr. Curtis seeks to limit the evidence Ms. Arnold will be allowed to offer at trial based on Ms. Arnold's deficient discovery responses. For the reasons discussed below, Mr. Curtis's motion for sanctions is DENIED in its entirety and his motion to limit evidence is GRANTED.

---

[1] Following oral arguments, counsel for Mr. Curtis submitted a letter pointing out correctly that the court had failed to observe that the motion for the sanction of dismissal had been filed before Ms. Arnold belatedly appeared for her deposition. The oversight led the court to an improper conclusion about counsel's candor to the court for which the court apologizes. In that letter, counsel requested the court award attorney fees for failure to appear. It would have been helpful for counsel to have clearly explained in reply that Ms. Arnold had appeared, albeit belatedly and the appropriate sanction was fees and costs. Moreover, this explanation begs the question of why Mr. Curtis initially moved for the extreme sanction of dismissal based on deficient discovery before discovery had closed. Mr. Curtis also mentions in passing that Ms. Arnold has not yet paid an attorney fee sanction ordered in this action. She cannot credibly contend, however, that this failure is a legitimate ground on which to dismiss the case, especially since Ms. Arnold has made efforts to resolve that issue.

## I. Dismissal for Fraud on the Court

Turning to the first part of Mr. Curtis' motion to dismiss, it appears that a motion to dismiss a case based on alleged fraud upon the court is permissible. *See U.S. v. Buck*, 281 F.3d, 1336, 1342 (10th Cir. 2002) (explaining that "[t]here are no formal requirements for asserting a claim of fraud on the court," and considering a motion "invoking the court's inherent power to grant relief for fraud upon the court.") (citation and internal quotation marks omitted). "Generally speaking, only the most egregious misconduct, such as . . . fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Id.* (quoting *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir.1996)). "Proof of fraud upon the court must be by clear and convincing evidence." *Buck*, 281 F.3d at 1342 (citation omitted).

Mr. Curtis's motion to dismiss fails because he has not shown by clear and convincing evidence that Ms. Arnold and her attorney have committed fraud on the court. While the videos and other evidence suggest that Ms. Arnold might be fabricating the injury to her eyes, Mr. Curtis has not established by clear and convincing evidence that she is doing so. Mr. Curtis's biggest hurdle to prevailing here is that he has not offered any expert testimony that any activity undertaken by Ms. Arnold in the videos would be impossible for someone who suffers from the type of injuries she claims.[2] Moreover, Mr. Curtis has not effectively countered the testimony of Ms. Arnold's expert that suggests that her activities in the videos could be consistent with her claimed eye injuries. In essence, Mr. Curtis asks the court to invade the province of the jury and make a factual determination about Ms. Arnold's injuries based on the court's lay opinion of

---

[2] To the extent Mr. Curtis relies on expert testimony to assert that Ms. Arnold is pretending to be blind in one eye, Mr. Curtis has not established this proposition clearly and convincingly, since Ms. Arnold's expert concluded that she is functionally blind in that eye.

what Mr. Curtis's selectively chosen evidence means.[3] This case has already been remanded once, and the court does not intend for that to happen again.

## II. Sanctions for Non-Appearance

In the alternative to dismissal, Mr. Curtis seeks expenses related to Ms. Arnold's failure to appear at two scheduled depositions. The court is satisfied that Ms. Arnold has offered plausible reasons for not appearing, and that she made reasonable efforts to alert Mr. Curtis that she would not appear. Moreover, Mr. Curtis has not identified any prejudice from her appearing when she did aside from the fact that she suggested that there is more medical evidence than was revealed in her latest discovery responses. As explained below, any such evidence will not be allowed. For these reasons, Ms. Arnold will not be required to pay fees relating to her failure to appear at her first two noticed depositions.

## III. Motion to Limit Evidence

In his motion to limit evidence, Mr. Curtis asserts that in her January 28, 2011 deposition, Ms. Arnold testified to various facts that had not been disclosed in her discovery responses that she provided Mr. Curtis on September 20, 2010. Mr. Curtis seeks to preclude Ms. Arnold from attempting to offer any facts she testified to in January that she had not disclosed in September. Ms. Arnold has not responded to Mr. Curtis's motion and her time for doing so has passed. Moreover, the court finds that motion to have merit. Accordingly, the court grants the motion and rules that Ms. Arnold is precluded from presenting any evidence via personal testimony,

---

[3] As for Mr. Curtis's suggestion at the hearing on this motion that Ms. Arnold is a depraved person, the court reminds Mr. Curtis that appeals to emotion are wholly ineffective before a court and are the seeds of a mistrial before a jury. Mr. Curtis's opinion of Ms. Arnold's truthfulness and character have no relevance in this case.

testimony from any healthcare professional, or written document or medical record regarding medical treatment received by Ms. Arnold subsequent to February 5, 2008, which is not disclosed in Ms. Arnold's discovery responses dated September 30, 2010.

## CONCLUSION AND ORDER

For the reasons set forth above, the court ORDERS as follows:

Mr. Curtis's motion for sanctions (Dkt. No. 195) is DENIED; and

Mr. Curtis's motion to limit evidence (Dkt. No. 204) is GRANTED.

SO ORDERED this 1st day of March, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge