IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANESSA ARNOLD,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY HAROLD "SKIP" CURTIS, a Utah County Sheriff's Deputy,<br><br>Defendant. | **ORDER and MEMORANDUM DECISION**<br><br>Case No. 2:04-cv-564 CW |

Now before the court is a motion for a new trial by Plaintiff Vanessa Arnold. (Dkt. No. 292.) For the following reasons, that motion is DENIED.

Ms. Arnold posits that a new trial is in order for several reasons. First, she contends that Defendant Deputy Harold "Skip" Curtis did not adequately disclose the nature of the testimony of a video exhibit and of certain witnesses. Second, she contends that Mr. Curtis engaged different kinds of misconduct during the trial. Finally, Ms. Arnold argues that it is undisputed that Mr. Curtis seized Ms. Arnold. The court will address each of these arguments below.

First, the ruling on the video evidence will stand. Ms. Arnold had more than enough time to review the video and prepare to address it at trial. While Mr. Curtis did not disclose the video in his interrogatory responses, he did so in his pretrial disclosures. Ms. Arnold had notice of the tape at that time, and was familiar with its contents. It was not an error to admit the tape.

On the other hand, it is clear that Mr. Curtis did not properly disclose the nature of the testimony of Arloha Sutherland and Kris Hendrickson in response to Ms. Arnold's interrogatories. Ms. Sutherland and Mr. Hendrickson were listed as witnesses in Mr. Curtis'

pretrial disclosures and the pretrial order. Ms. Arnold objected to them testifying, in part, because Mr. Curtis did not reveal their anticipated testimony in response to her interrogatories.

The court will assume for purposes of this decision that it erred in allowing Ms. Sutherland and Mr. Hendrickson to testify. Mr. Curtis was not adequately forthcoming in his interrogatory answers, and Ms. Arnold was put in the difficult position of deciding whether to delay trial again to depose those witnesses after Mr. Curtis finally gave a summary of their anticipated testimony during the course of the trial.

Even with this assumption, "[a]n erroneous admission of evidence is harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." *United States v. Yeley-Davis*, 632 F.3d 673, 685 (10th Cir. 2011) (quotation omitted). This question is actually a close one in this case. Of most relevance to this motion, Ms. Sutherland and Mr. Hendrickson both essentially testified that Ms. Arnold had feigned injury in front of a jury trying her in her criminal case. The clear implication was that Ms. Arnold was willing to lie under oath in front of a jury.

But in light of the entire record, the court cannot conclude that this testimony had a substantial influence on the outcome of the case, or that there was grave doubt that it may have had such effect. In short, because there was ample evidence that the jury could have used to conclude that Ms. Arnold was not being honest, it cannot be said that this particular testimony made a substantial difference. For instance, Mr. Curtis introduced a video made by a private investigator of Ms. Arnold that portrayed her behaving in a manner that appeared to be considered inconsistent with her testimony about her injuries and condition. At no point did Ms. Arnold attempt to explain the behavior in the video, or otherwise rehabilitate her testimony on

her injuries. While this example does not go to the issue of liability, the jury could have used it as impeaching of all of her testimony.

**COSTS**

While a new trial is not warranted in this case, the court, *sua sponte*, raises the issue of the award of costs. It is in the court's discretion as to whether costs should be awarded to a prevailing party under 28 U.S.C. Section 1920. *In re Williams Sec. Litig. -- WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) ("The district court possesses 'broad discretion' in awarding costs."). Here, the clerk of court has assessed about $10,000 in costs to Mr. Curtis. In this case, the court exercises its discretion to refuse costs to Mr. Curtis. While there was ample evidence supporting a judgment in favor of Mr. Curtis, the court finds that Mr. Curtis' behavior in this case warrants a refusal of costs to him. Several considerations support this conclusion, but chief among them is the fact that Mr. Curtis' counsel asked Ms. Arnold during the trial if she had undergone an abortion. While Ms. Arnold objected to the question and was upheld, the question put Ms. Arnold in a difficult position: she could either agree to a mistrial and all of the delay and expense that goes along with that choice, or chose a limiting instruction and hope that this would dispel the extreme prejudice that bringing such a hot button issue entailed. Ms. Arnold chose the latter, but there is little doubt that the question had an impact on the jury. Such tactics should not be rewarded with costs. Accordingly, when preparing the final judgment, the clerk of court is instructed to indicate that each party is to bear his or her own costs and attorneys fees.

**CONCLUSION AND ORDER**

For the reasons set forth above, the court ORDERS as follows:

Ms. Arnold's motion for a new trial (Dkt. No. 292) is DENIED.

Each party to bear his or her own costs and attorneys fees.

SO ORDERED this 2nd day of March, 2012.

                        BY THE COURT:

                        _____

                        Clark Waddoups
                        United States District Judge